**Alvin W. SMITH, Appellant,**

v.

**HONEYWELL, INC., Appellee.**

No. 83–1744.

United States Court of Appeals, Eighth Circuit.

Submitted May 15, 1984.

Decided June 4, 1984.
Rehearing and Rehearing En Banc Denied July 17, 1984.

James A. Kaehler, Dorothy C. Cottrell, Honeywell Inc., Minneapolis, Minn., for appellee.

Alvin W. Smith, Bloomington, Minn., pro se.

Before HEANEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and ARNOLD, Circuit Judge.

PER CURIAM.

Alvin Smith brought this employment discrimination action under both Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981. He alleges that Honeywell, Inc., and its subsidiary, Honeywell Information Systems, Inc. (Honeywell), discriminated against him because of his race in his initial hiring, in various actions taken during the course of his employment, and in the decision to discharge him. After trial before a United States Magistrate,[1] the jury returned a verdict in favor of Honeywell on the § 1981 claims, and the magistrate ordered judgment for Honeywell on the Title VII claims. Thereafter, Smith[2] filed a Motion for Amended Findings of Fact or a New Trial on his Title VII cause of action, and a Motion for Judgment N.O.V. or a New Trial on his § 1981 cause of action. The magistrate denied the motions and Smith appeals.

TITLE VII CLAIMS

Smith first contends that the trial court erred in denying him a new trial on his Title VII claims because the magistrate erroneously required him to show that Honeywell *intentionally* discriminated against him because of his race. Smith argues that a showing of intent is not required, and that to prevail he need only show that he was treated differently than other employees. This contention is without merit. A plaintiff alleging disparate treatment in a Title VII case has the bur-

---

1. The parties consented to try the case before the Hon. Patrick J. McNulty, United States Magistrate for the District of Minnesota, pursuant to 28 U.S.C. § 636(c)(1). Because Smith asserted the same facts in support of both claims, the parties agreed to try the case to the court and the jury simultaneously.

2. Smith, a law school graduate, acted *pro se* at trial (though an attorney was present to assist him at various stages of the trial), and is proceeding *pro se* on appeal.

den of persuading the court that he is the victim of intentional discrimination. See, e.g., *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981); *Craik v. Minnesota State University Board,* 731 F.2d 465, 469 (8th Cir.1984). The trial court did not incorrectly state the applicable law, nor did it abuse its discretion in denying the motion for a new trial on the Title VII claims.

Smith next contends that the trial court erred in denying his motion for amended findings of fact because the magistrate's factual determinations on his Title VII claims were not consistent with the evidence presented at trial and ignored relevant portions of his complaint. During Smith's eight-day trial, evidence was presented addressing numerous allegations of discriminatory treatment.[3] "[A] trial judge need not make specific findings on all facts nor refer to every item of evidence introduced in a lengthy trial...." *Craik v. Minnesota State University Board, supra,* at 472. In the present case, it appears that the magistrate adequately considered the evidence presented at trial and the issues raised in the pleadings in arriving at his conclusions.

■■■■ This Court may set aside factual findings about an employer's discriminatory intent only if the findings are clearly erroneous. *Pullman-Standard v. Swint,* 456 U.S. 273, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982). A finding is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). No such mistake is apparent in the case at hand. A review of the file and records indicates that the evidence supports the magistrate's findings. The trial court did not err when it denied Smith's motion for amended findings of fact on his Title VII claims.

## SECTION 1981 CLAIMS

■■■■ Smith argues that the trial court erred in denying the motion for judgment n.o.v. on his § 1981 claims because "sufficient evidence was presented at trial ... to prove discrimination." The reviewing court "may set aside a jury verdict only when there is no evidence of substance upon which reasonable persons could differ." *Ybarra v. Burlington Northern, Inc.,* 689 F.2d 147, 150 (8th Cir.1982). The evidence must be viewed in the light most favorable to the jury's verdict, giving the prevailing party the benefit of all reasonable inferences which may be drawn from the evidence. See, e.g., *Harris v. Pirch,* 677 F.2d 681, 683 (8th Cir.1982). Applying these principles, the evidence on the record was sufficient for the jury reasonably to conclude that Honeywell did not intentionally discriminate against Smith because of his race. Therefore, the trial court correctly denied the motion for judgment n.o.v.

■■■■ Smith next asserts that he should have been granted a new trial on his § 1981 claims because the jury instructions did not address all the issues in his complaint. This allegation of error has not been properly preserved for appellate review. Smith did not request additional instructions about particular acts of discrimination, nor did he alert the trial court to the alleged omissions in a timely manner as required by Fed.R.Civ.P. 51. See, e.g., *Missouri Pacific R.R. Co. v. Star City Gravel Co.,* 592 F.2d 455, 459 (8th Cir.1979). Moreover, any plain error exception to compliance with Rule 51 is "confined to the exceptional case where error has seriously affected the fairness, integrity or public reputation of judicial proceedings." *Rowe International, Inc. v. J–B Enterprises, Inc.,* 647 F.2d 830, 835 (8th Cir.1981). No such error is demonstrated here. Most of

---

**3.** Smith's complaint contains roughly ten separate allegations of discriminatory treatment by Honeywell, including claims that defendants provided him with undesirable office space; hired him for a job with one title and gave him a job with another; denied him travel necessary to do his job; subjected him to abusive language; and discriminated against him in promotional opportunities and other job benefits.

Smith's contentions were presented to the jury, and the instructions taken as a whole were adequate to submit the substance of Smith's unlawful discrimination claim to the jury. He has therefore waived his objection on appeal.

■ Appellant also objects to the jury instructions on the ground that the definition of discrimination was misleading and confusing because the instructions "asked the jury to look at the *intent* of the defendants rather than the *purposeful act* of the defendants." Smith seems to be drawing a distinction without a difference. Presumably, he is again raising the objection made at trial: that the instructions incorrectly imposed on the plaintiff the burden of proving by a preponderance of the evidence that defendants had a racially discriminatory purpose or motive, and that it was not sufficient for Smith simply to show that he was black and was treated differently. The Supreme Court has clearly stated that liability cannot be imposed under § 1981 without proof of intentional (or "purposeful") discrimination. *General Building Contractors Ass'n, Inc. v. Pennsylvania,* 458 U.S. 375, 102 S.Ct. 3141, 73 L.Ed.2d 835 (1982). Smith is not entitled to a new trial on his § 1981 claims on this basis.

■ Smith further contends that he is entitled to a new trial because the special verdict form given to the jury did not accurately reflect all the issues in his complaint. The form directly asked the jury to determine whether the defendants had unlawfully discriminated against Smith. The instructions adequately informed the jury about what constituted "unlawful discrimination." The record reflects that Smith agreed to have the issues presented to the jury on a special verdict form, and did not raise a timely objection to any errors or omissions in that form. This issue has thus not been preserved for appellate review.

■ Finally, Smith charges that the disparaging actions of the magistrate prejudiced the presentation of his case to the jury. The record suggests that the magis-

trate was frustrated at times by appellant's actions at trial, particularly Smith's conduct as a witness. The magistrate sustained a number of objections to unresponsive answers by Smith, and at one point said: "You lawyers are all alike. You don't listen to the question. Listen to the question and then answer that question." (Tr. Vol. IV p. 77). Later the magistrate ordered an unresponsive answer stricken, instructing Smith "to answer the question or face a contempt charge." (Tr. Vol. IV p. 189). In context, it appears that neither these nor other remarks and rulings by the magistrate were sufficient to deny Smith a fair trial or to constitute reversible error.

Affirmed.