921 F.2d 170
 54 Fair Empl.Prac.Cas. 1056,
55 Empl. Prac. Dec. P 40,421
Betty J. BENJAMIN, Appellant,
v.
ALUMINUM COMPANY OF AMERICA, a foreign corporation
authorized to do business in the State of Iowa, Appellee.
 No. 89-2758.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 10, 1990.
Decided Dec. 12, 1990.
 
 M. Leanne Tyler, Davenport, Iowa, for appellant.
 Kevin L. McKnight, Pittsburgh, Pa., for appellee.
 Before JOHN R. GIBSON, Circuit Judge, ROSS, Senior Circuit Judge, and LARSON,* Senior District Judge.
 ROSS, Senior Circuit Judge.
 
 
 1
 Appellant, Betty J. Benjamin, appeals from two adverse judgments entered by the district court[1] on her employment discrimination claims based on Title VII of the Civil Rights Act of 1964 and 42 U.S.C. Sec. 1981. We affirm.
 
 FACTS
 
 2
 Betty Benjamin, a black female, was employed by the defendant, Aluminum Company of America (Alcoa), from February 15, 1978 through January 30, 1987. Benjamin was first hired as a mail messenger, a salaried position at Alcoa. She subsequently received two promotions over approximately the next year and one-half. In May 1985, Benjamin interviewed for the position of Sales Service Representative (SSR). Although Benjamin had more seniority than the other SSR applicant, Tammy Karwoski (a white female), Karwoski was offered the position because she was "better qualified." However, three months later, on August 1, 1985, Benjamin was promoted to the SSR position because Karwoski had taken a different position with Alcoa.
 
 
 3
 Benjamin did not receive the same type of training as other SSRs. She began formal training with another trainee, a white female. Benjamin's formal training was suspended temporarily because she had difficulty with certain mathematical calculations and therefore needed additional help before continuing her formal training. When Benjamin continued to have difficulties, she was required to repeat certain portions of the formal training and was eventually placed on probation for 90 days. Even after repeating segments of the training program, Benjamin's supervisors determined that her skills in certain areas remained unacceptable. On March 1, 1986, Benjamin was demoted to the position of mail messenger; however, her salary went unchanged. Benjamin worked as a mail messenger until January 30, 1987, when she went on disability.
 
 
 4
 Benjamin then filed this lawsuit, alleging that the following actions were racially based: (1) Alcoa's initial failure to promote her; (2) the different treatment she received in the training program; and (3) her demotion back to mail messenger. Benjamin's Sec. 1981 claim was heard by a jury; her Title VII claim was tried to the bench. The jury returned a verdict for Alcoa.[2] Similarly, the district court found no unlawful discriminatory motivation and entered judgment for Alcoa. Benjamin has timely appealed both of these findings.
 
 ANALYSIS
 
 5
 In addressing Benjamin's Title VII claim on appeal, this court may set aside the district court's factual findings concerning Alcoa's discriminatory intent only if such findings are clearly erroneous. See Fed.R.Civ.P. 52(a);[3] Smith v. Honeywell, Inc., 735 F.2d 1067, 1069 (8th Cir.), cert. denied, 469 U.S. 1077, 105 S.Ct. 576, 83 L.Ed.2d 516 (1984). The clearly erroneous standard is met when the court, after a review of the entire evidence, "is left with the definite and firm conviction that a mistake has been committed." Id. We have thoroughly reviewed the record in this case and find no such mistake.
 
 
 6
 The evidence upholds the district court's finding of no discrimination. The record supports Alcoa's assertions that Karwoski was initially offered the SSR position before Benjamin (even though Benjamin had more seniority) because Karwoski had more relevant work experience. The record also supports Alcoa's contentions that the different training Benjamin received in connection with the SSR position, as well as her eventual demotion back to mail messenger, were prompted by her difficulties with simple mathematical calculations and her inability to handle a full workload. Therefore, we find that the district court did not err in dismissing Benjamin's Title VII claim against Alcoa.
 
 
 7
 Benjamin has taken on a similarly onerous burden in her appeal of the Sec. 1981 claim. The jury returned a verdict for Alcoa and the district court refused to grant Benjamin's motion for a new trial. A new trial may be ordered where the court is convinced that the verdict goes against the clear weight of the evidence or where a miscarriage of justice will result. Beckman v. Mayo Found., 804 F.2d 435, 439 (8th Cir.1986). This court, in reviewing Benjamin's claim, may set aside the jury's verdict "only when there is no evidence of substance upon which reasonable persons could differ." Ybarra v. Burlington N., Inc., 689 F.2d 147, 150 (8th Cir.1982). In addition, we are required to view the evidence in the light most favorable to the jury's verdict, giving Alcoa the benefit of all reasonable inferences which may be drawn from the evidence. See Honeywell, supra, 735 F.2d at 1069. Applying these principles, we find that the evidence was more than sufficient to support the jury's finding that Alcoa's actions were not racially motivated. Therefore, the district court properly denied Benjamin's motion for a new trial.
 
 
 8
 Benjamin also insists that certain jury instructions were improper. First, she contends that Jury Instruction 16 was a misapplication of the law, specifically that the instruction misstated the burden required by Alcoa to rebut Benjamin's claim. Benjamin objects to the following emphasized language in Instruction 16:
 
 
 9
 When plaintiff has offered evidence from which you could conclude that defendant discriminated against her because of her race, defendant may show that it had a reason other than race for its actions. It may also answer plaintiff's case with evidence which shows a practice of nondiscriminatory decision making.
 
 
 10
 (emphasis added). Benjamin argues that a mere showing of Alcoa's practice of nondiscriminatory decision-making should not be sufficient to rebut her claim, but that according to McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973), Alcoa must articulate some nondiscriminatory reason for its actions.
 
 
 11
 It should first be noted that Benjamin failed to raise any objection to Instruction 16 at trial. We therefore review this instruction only for plain error that resulted in a miscarriage of justice. Beckman, supra, 804 F.2d at 438; Fed.R.Civ.P. 51. This court has made it clear that "any plain error exception to compliance with Rule 51 is 'confined to the exceptional case where error has seriously affected the fairness, integrity or public reputation of judicial proceedings.' " Honeywell, supra, 735 F.2d at 1069, (quoting Rowe Int'l, Inc. v. J-B Enter., Inc., 647 F.2d 830, 835 (8th Cir.1981)).
 
 
 12
 Alcoa provided evidence relating to nondiscriminatory reasons for its actions, namely that Benjamin was unable to adequately perform the SSR duties, i.e., her problems with mathematics and her low workload. Considering this, as well as the remainder of the record, we find no plain error in the instruction.
 
 
 13
 Benjamin also argues that certain language in Instructions 17 and 18 suggests that Alcoa's evidence should be taken as fact. The following emphasized language in Instruction 17 is specifically objected to:
 
 
 14
 If on the other hand, defendant has produced evidence of a reason other than race for failing to promote or demoting plaintiff, for instance, plaintiff's lack of qualifications for the sales service representative job, you must find for the defendant unless you find, considering all of the evidence in the case, that the plaintiff has proved that the reasons given by defendant for its actions were not the true reasons for defendant's actions which are the subject of the plaintiff's complaints.
 
 
 15
 (emphasis added). In addition, Benjamin finds fault in the following emphasized language in Instruction 18:
 
 
 16
 If you find that defendant demoted plaintiff because plaintiff was not qualified to perform the job of an SSR, and not because plaintiff was black, then you must find for the defendant....
 
 
 17
 (emphasis added).
 
 
 18
 The language at issue in Instructions 17 and 18 does not suggest that Alcoa's contentions are true, but merely that if the jury believes them, then it must find for Alcoa. In United States v. Feldhacker, 849 F.2d 293, 297 (8th Cir.1988), this court stated: "[W]e prefer instructions phrased not in abstract legalisms, but rather in concrete terms that intelligibly describe the actual evidence or contentions of the parties." We find that the language used in Instructions 17 and 18 to tailor the instructions to the specific facts of Benjamin's case was not inappropriate, and that Instructions 17 and 18, when read as a whole, presented a proper statement of the law.
 
 CONCLUSION
 
 19
 For the foregoing reasons, we affirm.
 
 
 
 *
 The HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation
 
 
 [1]
 The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa
 
 
 [2]
 The following was written on the verdict form:
 May the jury make a comment for the record pertaining to the case after the verdict is given? (i.e. that the plaintiff was treated unfairly but there was not a preponderance of the evidence that it was racially based) /s/ Nancy L. Mauler foreman.
 
 
 [3]
 Fed.R.Civ.P. 52(a) provides in part:
 Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.