Marjorie KREMENTZ, As parent and
next friend of Charles Krementz,
a minor, Appellant,

v.

Ricky J. RABY; Rising Fast Transport,
Inc., Appellees.

No. 91–1503.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 13, 1991.

Decided March 13, 1992.

James Schulze, Little Rock, Ark., argued, for appellant.

Robert Donovan, Marianna, Ark., argued, for appellees.

Before BOWMAN, Circuit Judge, ROSS, Senior Circuit Judge, and LOKEN, Circuit Judge.

ROSS, Senior Circuit Judge.

Appellant Marjorie Krementz, as parent and next friend of Charles Krementz, a minor, appeals from a final judgment rendered by the United States District Court for the Eastern District of Arkansas [1] following a jury verdict in favor of appellees Ricky J. Raby and Rising Fast Transport, Inc. Appellant contends on appeal that the district court improperly submitted jury instructions on the theories of joint venture and sudden emergency. We affirm the decision of the district court.

This negligence action arose from an accident that occurred on Interstate 40 in Pope County, Arkansas. Charles Krementz and his girlfriend, Dana Files, were passengers in the back of a pickup truck driven by Charles' brother, Phillip Krementz. There were also two other young people in the cab with Phillip. These five young people, ages fifteen to twenty, left Texas two days before the accident with the intention of moving to Florida. The pickup truck in which they were riding was licensed and registered in the name of Dana Files' parents and the trip was financed in part by the unauthorized use of Dana's mother's credit card. The young people did not know how long they would stay at their final destination; in fact they had no commitment to ever return to Texas. Both Phillip and Dana drove the truck, although Phillip did not have a driver's license at the time. Charles did not share in the driving, nor contribute any money toward the expenses of the trip.

The accident occurred on July 1, 1979, when an eighteen-wheel truck, owned by Rising Fast Transport and driven by Ricky

Raby, struck the back of the pickup in which Charles was riding. Raby testified that the pickup pulled out in front of him from the shoulder of the road and that there was nothing he could do to avoid the accident. Charles was thrown from the truck upon impact and suffered serious injury as a result.

The jury found that Raby was forty percent at fault, that Charles was five percent at fault, and that Phillip Krementz, the driver of the pickup, was fifty-five percent at fault. The jury also found that there was a joint venture between Phillip and Charles Krementz, and therefore, in accordance with Arkansas law, Phillip's fault was imputed to Charles which precluded appellant from recovering under Arkansas' comparative fault statute.

On appeal, appellant challenges two instructions given to the jury, specifically instructions regarding the theories of joint venture liability and sudden emergency. Appellant does not challenge the form of either instruction, but contends only that neither instruction was justified based on the evidence presented at trial.

■ Appellant first argues that there was insufficient evidence to justify the instruction to the jury on a joint venture theory. Under Arkansas law, a joint venture occurs when the participants in the joint enterprise have 1) a community of interest in the object and purpose of the undertaking for which the vehicle is being used, and 2) an equal right to share in the control of the vehicle. *Woodard v. Holliday*, 235 Ark. 744, 361 S.W.2d 744, 745–46 (1962). Appellant contends that the joint venture instruction was improper because the evidence failed to establish that Charles had an equal right to share in the control of the vehicle.

■ Second, appellant argues that the district court improperly instructed the jury on a sudden emergency theory because the evidence failed to support the elements of a sudden emergency. Under

**1.** The Honorable Stephen M. Reasoner, United States District Judge for the Eastern District of Arkansas.

Arkansas law, before a party is entitled to the benefit of a sudden emergency instruction, he must have been aware of the danger, perceived of the emergency and acted in accordance with the stress caused by the danger. *Transit Homes v. Bellamy,* 282 Ark. 453, 671 S.W.2d 153, 159 (1984). If the instruction is warranted, it informs the jury that the actor is not held to the same judgment required of him in calmer and more deliberate moments. *Id.* Appellant argues that Raby was not entitled to a sudden emergency instruction because Raby's testimony showed that he did not act in accordance with the stress caused by the danger.

■ Because we find, based on the record before us, that appellant failed to properly object to these instructions at trial in accordance with Rule 51 of the Federal Rules of Civil Procedure, we review the district court's submission of these instructions only for plain error that resulted in a miscarriage of justice. *See Benjamin v. Aluminum Co. of America,* 921 F.2d 170, 173 (8th Cir.1990).

■ While it is uncontroverted that there was no objection to the sudden emergency instruction, appellant asserts that a sufficient objection was made regarding the joint venture instruction by the trial judge himself. At the close of plaintiff's case, the trial judge stated that "I'll hold up on the ruling [regarding the joint venture theory] . . . there's some question on the right of control." At this point, the court reserved ruling on the joint venture theory pending conclusion of the evidence. At the close of all the evidence the trial court instructed the jury on the joint venture theory; however, no objection was made at that time. According to appellant, the trial judge's earlier comments were sufficient to satisfy Rule 51.

We disagree. Rule 51 requires that an objection to a jury instruction state "distinctly the matter objected to and the grounds of the objection" before the jury retires to consider its verdict. Fed.R.Civ.P. 51. *See also Barton v. Columbia Mut. Casualty Ins. Co.,* 930 F.2d 1337, 1341 (8th Cir.1991). The trial judge's comments in the instant case were clearly insufficient to preserve the issue that appellant now seeks to raise for appellate review. We therefore will reverse on the basis of this instruction only if we find plain error. It is well established that "[a]ny plain error exception to compliance with Rule 51 is confined to the exceptional case where error has seriously affected the fairness, integrity or public reputation of judicial proceedings and has contributed to a miscarriage of justice." *Christopherson v. Deere & Co.,* 941 F.2d 692, 694 (8th Cir.1991) (citations omitted).

■ This exacting standard has not been met in the present case, as sufficient basis was established to support the presentation of the joint venture and sudden emergency theories to the jury. Charles' own deposition testimony indicated that no one individual was the leader of the group, and that it was a "share and share alike" arrangement. This was certainly sufficient evidence to justify submission of the joint venture theory to the jury.

■ Similarly, sufficient evidence existed to present to the jury the sudden emergency instruction. Ricky Raby, driver of the truck that collided with the vehicle in which Charles was riding, testified that he was traveling at a speed of 62 miles an hour when he saw what he thought was a parked vehicle with dim lights on the right shoulder of the road. Raby testified that when he was about a truck length away, the vehicle on the side of the road darted out in front of him and that he put his brakes on and tried to merge toward the left hand lane but there was nothing he could do to avoid the accident. We can find no merit in appellant's contention that the sudden emergency instruction should not have been given under these circumstances.

In sum, we conclude that appellant has failed to preserve her objections to the district court's decision to give the joint venture and sudden emergency instructions to the jury. Because we find that no plain error resulted from the giving of either of

these instructions, we affirm the judgment of the district court.