**Marlin E. "Bill" JONES, Plaintiff–Appellant,**

**v.**

**Rich THOMPSON, individually and in his official capacity as police officer for the City of North Platte, Nebraska, Defendant–Appellee.**

No. 91–2412.

United States Court of Appeals, Eighth Circuit.

Submitted March 10, 1992.

Decided Sept. 8, 1992.

David W. Jorgensen, Kearney, Neb., for plaintiff-appellant.

William T. Wright, Kearney, Neb., for defendant-appellee.

Before JOHN R. GIBSON, Circuit Judge, LAY, Senior Circuit Judge, and LOKEN, Circuit Judge.

PER CURIAM.

Marlin E. "Bill" Jones appeals the judgment dismissing his action under 42 U.S.C. § 1983 after a jury found that North Platte, Nebraska, police officer Rich Thompson did not violate Jones's due process rights. Jones argues that the district court[1] erred in admitting highly prejudicial testimony and in refusing to give Jones's requested instructions to the jury. We affirm.

The lawsuit arose out of a dispute between Jones and his landlord. Prior to obtaining a court order of eviction, Jones's landlord decided to turn off the electricity to the portion of his commercial premises that Jones was using as a residence. The landlord asked that a police officer be present when he entered the premises for this purpose, and Thompson was dispatched to perform that task. Jones alleged that Thompson, by his presence, assisted the landlord in unlawfully turning off the electricity and prevented Jones from exercising his legal rights. For additional background facts, *see Jones v. Gutschenritter*, 909 F.2d 1208 (8th Cir.1990), in which we reversed the grant of a directed verdict on the question whether Thompson acted under color of state law. Following our remand, the case was retried, and the jury returned a verdict for Thompson.

On appeal, Jones first attacks six of the district court's evidentiary rulings, arguing that cumulatively they constitute prejudicial, reversible error. Jones contends that the district court erred (1) in permitting cross examination of Jones as to his psychiatric treatment for depression and alcoholism; (2) in permitting Thompson to explain that he had been criticized for not contacting his supervisor before acting only because of Jones's history of complaints against police officers (a subject initially raised by counsel for Jones); (3) in allowing Thompson to explain what the police dispatcher meant by "police assistance"; (4) in allowing the landlord to testify that Jones kept a noisy, vicious dog on the premises; (5) in allowing the police chief to testify that the police face potential liability claims if they do not respond when citizens ask for peacekeeping assistance; and (6) in allowing the police chief to explain a deposition answer that was inconsistent with his trial testimony.

Questions as to the admissibility of evidence are committed to the sound discretion of the trial court, *Morrissey v. Welch Co.*, 821 F.2d 1294, 1305 (8th Cir.1987), and the trial court's rulings will be reversed only if there has been a clear and prejudicial abuse of that discretion. *Gehl v. Soo Line R.R.*, 967 F.2d 1204 (8th Cir.1992).

---

**1.** The HONORABLE WILLIAM G. CAMBRIDGE, United State District Judge for the District of Nebraska.

Although relevant evidence may be excluded when its prejudicial effect is likely to outweigh its probative value, Fed.R.Evid. 403, the rule only "protects against evidence that is unfairly prejudicial, that is, if it tends to suggest decision on an improper basis." *Wade v. Haynes*, 663 F.2d 778, 783 (8th Cir.1981), *aff'd sub nom. Smith v. Wade*, 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983). We have carefully reviewed the trial transcript and conclude that the district court applied the rules of evidence consistently and evenhandedly, and committed no abuse of discretion in making the rulings in question.

Finally, Jones argues that the district court erred in refusing to give six requested jury instructions. However, Jones failed to preserve this issue for appeal. At the instructions conference, the district court distributed written proposed instructions and invited objections. Counsel for Jones replied, "I have no objections to them in their form," but urged the court to give his requested instructions. The court stated its reasons for denying these requests— some misstated the law, some were covered by other instructions, and some were apt to mislead or confuse the jury.

Jones then failed to object to the instructions as given. We have consistently enforced Fed.R.Civ.P. 51, which prohibits a party from assigning as error the giving of or the failure to give an instruction unless that party objects to the instructions before the jury retires to consider its verdict. *See, e.g. Doyne v. Union Elec. Co.*, 953 F.2d 447, 449 (1992). Therefore, we may only reverse if the instructions as given constituted plain error, that is, if they seriously affected the fairness, integrity or public reputation of the trial and contributed to a miscarriage of justice. *See Krementz v. Raby*, 959 F.2d 695, 697 (8th Cir.1992). We are satisfied there was no plain error in the instructions given in this case.

The judgment of the district court is affirmed.