Pearlie Mae TURNER, as Personal Representative of the Estate of Keith Turner, Deceased, Appellant,

v.

Roy WHITE; Robert E. Scheetz; Joseph Richardson; Robert Baer; John Frank; James Mosbacher; William Young; Vincent C. Schoemehl, Mayor, all in their capacities with the Metropolitan Police Department, City of St. Louis and the Municipality of the City of St. Louis; Roy White, in his individual capacity, Appellees.

No. 92–1015.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 17, 1992.

Decided Dec. 2, 1992.

James P. Krupp, St. Louis, Mo., argued (Randall D. Grady, on the brief) for appellant.

James C. Owen, St. Louis, Mo., argued for White; Julian L. Bush, St. Louis, Mo., argued, for Schboemehl (James J. Wilson, John J. Fitzgibbon and Brian E. McGovern, on the brief).

Before BOWMAN, Circuit Judge, HEANEY, and ROSS, Senior Circuit Judges.

BOWMAN, Circuit Judge.

Pearlie Mae Turner (Turner), personal representative of the estate of Keith Turner, appeals from an adverse judgment entered upon a directed verdict for several of the defendants and from a jury verdict for the remaining defendants in her 42 U.S.C. § 1983 (1988) action seeking damages.[1] Turner alleged that defendant Roy White, a police officer who shot and killed her son Keith Turner during an investigatory stop of the car he was driving, used excessive force and violated Keith Turner's Fourth Amendment right to be free from unreasonable searches and seizures. Turner also alleged that defendants Chief of Police Robert Scheetz, Lieutenant Joseph Richardson, and members of the St. Louis Board of Police Commissioners violated Keith Turner's constitutional rights by being deliberately indifferent to previous complaints about unreasonable searches and seizures and the use of excessive force by police officers and by inadequately training defendant Roy White. The trial judge directed a verdict in favor of defendants Robert J. Baer, John J. Frank, James E. Mosbacher, Sr., William Young, and Mayor Vincent C. Schoemehl, and the jury found in favor of the remaining defendants. Turner appeals. We affirm.

---

I.

Based on the trial record, the following is a brief overview of the events that gave rise to this lawsuit. On the night of February 15, 1989, Keith Turner was driving Joseph Downing's white Cadillac with Tyrone Downing in the front passenger seat and Joseph Downing in the back seat on the passenger's side. At approximately 10:15 p.m., Officers Joseph Tuhill and Roy White of the St. Louis Police Department, Mobile Reserve Unit, observed the three men driving slowly south on Newstead Avenue and following a female pedestrian. The Cadillac turned around in a loading dock area and then proceeded north on Newstead Avenue. The officers, their suspicions aroused, followed the car up Newstead Avenue. Keith Turner saw the police car was following him, so he turned right on Labadie Avenue and pulled over to the side of the street.

The police officers pulled up behind the stopped car. Officer White, carrying a department-issued shotgun, and Officer Tuhill, his revolver drawn, got out of the patrol car. The officers testified that they twice commanded the occupants to get out of their car and that they did not respond; the Downings testified that they did not hear any such commands.

The officers observed the occupants moving in the car, and Officer White testified that the back-seat passenger, Joseph Downing, leaned down to the floor and his shoulders and arms dropped down and to the left. Officer White testified that Joseph Downing then quickly rose up, lifting his arms, turning back, and looking directly at Officer White. Officer White, believing that Joseph Downing had a firearm and was about to shoot him, fired one shot at Joseph Downing through the rear window of the Cadillac. The shotgun fire blasted a hole in the glass of the rear window, missed Joseph Downing, and hit and killed Keith Turner. Joseph Downing, it turned out, did not have a firearm.

---

[1]. The case was tried with the Honorable Frederick R. Buckles, United States Magistrate Judge for the Eastern District of Missouri, presiding by consent of the parties pursuant to 28 U.S.C. § 636(c) (1988 & Supp. II 1990).

## II.

■ On appeal, Turner contends that jury instruction number 19 [2] was erroneous because it stated that the standard for Officer White's conduct was "deliberate indifference." Turner contends (we think correctly) that in this sort of case the objective reasonableness standard, discussed in *Graham v. Connor*, 490 U.S. 386, 397, 109 S.Ct. 1865, 1872, 104 L.Ed.2d 443 (1989) ("the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation") is the proper standard for evaluating Officer White's actions. This issue, however, is not properly before us, because it was not raised in the trial court. Although Turner, who was represented by counsel, did object to the giving of instruction 19, she did not object on the ground that the instruction contained the wrong legal standard. Instead, she objected because she wanted her own version of an instruction on deliberate indifference (one including a definition of deliberate indifference) to be read to the jury. "The failure to make a timely and specific objection to the instruction[ ] 'results in waiver of objection on appeal.' At this stage, the district court can be reversed only for plain error." *United States v. Watson*, 953 F.2d 406, 409 (8th Cir.1992) (citations omitted) (quoting *United States v. Young*, 702 F.2d 133, 136 (8th Cir.1983)).

■ "[A]ny plain error exception to compliance with Rule 51 is 'confined to the exceptional case where error has seriously affected the fairness, integrity or public reputation of judicial proceedings.'" *Smith v. Honeywell, Inc.*, 735 F.2d 1067, 1069 (8th Cir.), *cert. denied*, 469 U.S. 1077, 105 S.Ct. 576, 83 L.Ed.2d 516 (1984) (quoting *Rowe Int'l, Inc. v. J–B Enters., Inc.*, 647 F.2d 830, 835 (8th Cir.1981)). As we already have indicated, we agree that the deliberate indifference standard in instruc-

tion 19 is not the correct legal standard for determining the merits of Turner's Fourth Amendment claim against Officer White. Instead, the correct standard is the Fourth Amendment objective reasonableness standard, under which the officer's conduct is to be "judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396, 109 S.Ct. at 1872. We find, however, that even though instruction 19 misstated the legal standard, this error does not reach the level required for reversal under the rigorous plain error standard of review. The error was invited by the parties, and it did not seriously affect the fairness of the trial, its integrity, or its public reputation. Moreover, we cannot say that the error contributed to a miscarriage of justice. *See United States v. Young*, 470 U.S. 1, 16, 105 S.Ct. 1038, 1046, 84 L.Ed.2d 1 (1985). Accordingly, the giving of instruction 19 was not plain error.

Turner next contends that it was reversible error not to define deliberate indifference in instruction 19, as her requested version of the instruction would have done. In view of our conclusion that instruction 19 incorporated an incorrect standard but nevertheless did not rise to the level of plain error, whether or not the trial judge defined the erroneously given standard is inconsequential. Even in the form requested by Turner, the instruction would have been equally incorrect.

■ Turner argues that it was reversible error for the trial judge to admit evidence concerning Keith Turner's and Joseph Downing's alcohol consumption. We disagree. We review trial court rulings on the admissibility of evidence under the abuse of discretion standard. *United States v. Drew*, 894 F.2d 965, 969 (8th Cir.), *cert. denied*, 494 U.S. 1089, 110 S.Ct. 1830, 108 L.Ed.2d 959 (1990). Here, the court refused to exclude the evidence of alcohol consumption under Federal Rule of Evidence 403, ruling that this evidence was

---

**2.** Jury instruction number 19 stated:

In order to establish a claim under Section 1983, the Plaintiff must show that Defendant White acted with deliberate indifference to Plaintiff's rights. If you find that Defendant

White was merely negligent or even grossly negligent, then, even if you find that the Plaintiff was injured as a result of those acts, you must return a verdict for Defendant White. Appendix at 81.

relevant to the question of Keith Turner's and Joseph Downing's actions and reactions when the officers shouted at them to get out of the car, and that the probative value of the evidence outweighed any unfair prejudice. We see no error in that ruling. In reaching its verdict, it was incumbent upon the jury to consider Officer White's actions in relation to all the circumstances of the situation that confronted him. We therefore believe the evidence of alcohol consumption was relevant to the jury's assessment of that situation, and we conclude that in balancing its probative value against the risk of undue prejudice, and in ruling it admissible, the trial court did not abuse its discretion. *See Saladino v. Winkler,* 609 F.2d 1211, 1214 (7th Cir.1979) (in action against police officer for use of excessive force in disarming the plaintiff, evidence of the plaintiff's intoxication held admissible under Rule 403 as it "tends to make [it] more probable that the plaintiff acted as the defendant contended he did or that plaintiff otherwise conducted himself in such a manner as to place the defendant reasonably in fear of his life.").

 Finally, Turner argues that the trial court's failure to admit certain testimony concerning the knowledge of the supervisory defendants as to prior complaints against officers in the Mobile Reserve Unit, and the court's refusal to add the City of St. Louis as a defendant, constitute reversible error. We have not been shown any reason, however, for setting aside the jury verdict that Officer White did not violate Keith Turner's constitutional rights, and therefore we need not address any allegations of error with respect to plaintiff's claims against the supervisory defendants and the City. As we stated in *Reynolds v. City of Little Rock,* 893 F.2d 1004, 1007 (8th Cir.1990) (quoting *City of Los Angeles v. Heller,* 475 U.S. 796, 799, 106 S.Ct. 1571, 1573, 89 L.Ed.2d 806 (1986)):

> The necessary predicate for liability of the City and individual supervisors ... is

a finding that the [police] officers who shot [plaintiff] used excessive force under the circumstances.... Where there is no underlying constitutional violation, the presence or absence of policies which permit the use of excessive force '... is quite beside the point.'

Since this aspect of the case is moot, we do not reach it.

Likewise, because of our disposition of the issues raised in Turner's appeal, we need not reach any of the alternative grounds that defendants have put forward for affirmance of the trial court's judgment.[3] Without inquiring into their merits, we simply decline to address them.

The judgment entered by the magistrate judge is affirmed.

---

**3.** These asserted alternative grounds are: (1) Officer White was entitled to have the case dismissed on the basis of qualified immunity; (2) the action did not survive the death of Keith Turner; and (3) because the shooting of Keith Turner was accidental and not a consequence intended by Officer White, the shooting was not a "seizure" within the meaning of the fourth amendment.