**Frederic M. GOFFSTEIN and Andrea J. Goffstein, Appellants,**

**v.**

**STATE FARM FIRE & CASUALTY CO. and State Farm Mutual Automobile Ins., Co., Appellees.**

No. 84–1858.

United States Court of Appeals, Eighth Circuit.

Submitted March 13, 1985.

Decided June 12, 1985.

Rehearings Denied July 15, 1985.

Robert D. Blitz, St. Louis, Mo., for appellants.

Daniel E. Wilke, Clayton, Mo., for appellees.

Before HEANEY and BRIGHT, Circuit Judges, and HANSON,* Senior District Judge.

BRIGHT, Circuit Judge.

Frederic and Andrea Goffstein, husband and wife, brought this action against State Farm Fire & Casualty Company and State Farm Mutual Automobile Insurance Company (collectively "State Farm") on homeowners and automobile insurance policies, to recover for fire losses occurring on their home premises in Creve Coeur, Missouri. The fire damaged their home and personal property in the dwelling, plus two automobiles in the garage. State Farm denied liability on grounds that Mrs. Goffstein had intentionally set the fire. At trial, the district court submitted a special verdict form to the jury and received the answer shown below:

**INTERROGATORY NO. 1**

On the question of whether or not the fire was intentionally set by either plaintiff or someone acting with the knowledge and consent of either plaintiff, we [the jury] find:

    \_\_\_ in favor of plaintiff

     X   in favor of defendants.

The court entered a judgment of dismissal for the defendants and this appeal followed.

The Goffsteins raise the following issues:

1. That the trial court erred in excluding evidence that Mrs. Goffstein had not been charged and would not be charged with a criminal offense for allegedly setting the fire.

2. That the verdict was against the weight of the evidence.

3. That Frederic M. Goffstein, as an innocent coinsured, is entitled to collect one-half of the policy proceeds covering the dwelling house and personal property therein, plus the value of one automobile which he solely owned.

For the reasons stated below, we affirm.

## I. BACKGROUND.

The fire in question started in the Goffsteins' garage during the early morning hours of June 13, 1983. Mrs. Goffstein was the only person on the premises at the time. The fire spread quickly from the garage to the house and caused extensive damage to both. After the fire had been extinguished by the fire department, the St. Louis County Police Department investigated and concluded that the fire was incendiary in origin and that a liquid accelerant had implemented the blaze. The plaintiffs' expert witness testified that the fire had an accidental origin, from the arcing of an electrical wiring connection in the garage. Mrs. Goffstein denied setting the fire or knowing how it had started.

At trial, the defendant called two police department investigators to testify that the fire had been intentionally set. These witnesses revealed their affiliation with the official investigation of the fire and, in addition, one referred to himself as a detective in the Bureau of Arson and Explosives and the other testified that he was "responsible for investigating arsons." The defendant also called two of its employees, claims specialist Charles Page and claims supervisor Martin Carmody, to testify

---

\* The HONORABLE WILLIAM C. HANSON, Senior United States District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

about their reasons for denying the claim. Both witnesses testified that they denied the claim because they believed that the fire had been intentionally set, based on information received from police and from State Farm's investigation of the fire. During this testimony, the trial judge cautioned the jury that this evidence was admitted solely on the question of whether defendant had vexatiously refused to pay the claim.

In their cross-examination of Carmody, the plaintiffs sought to elicit testimony that Mrs. Goffstein had not been charged with a crime in connection with the fire. The defense objected on relevancy grounds. In a bench conference, the defendant's attorney stated that he would ask for a mistrial if the evidence were admitted and that he would also want to bring in the prosecutor to testify (assuming that the mistrial motion was denied). The judge concluded the conference by stating that he would sustain the objection but he would solve the issue "by a suitable instruction," indicating that such instruction would be specific and not vague or nondescript.

## II. DISCUSSION.

### A. Evidence Sought on Cross-Examination.

The plaintiffs allege that the extensive reference to a criminal investigation during the trial necessarily suggested to the jury that the authorities intended to prosecute Mrs. Goffstein for arson. They argue that the court should have allowed them to negate this inference by demonstrating that the official arson investigation had been closed without charging anyone.

■ As a general rule, evidence that criminal charges were not brought is inadmissible in a civil case arising out of the same events as the criminal charges. *See Galbraith v. Hartford Fire Ins. Co.*, 464 F.2d 225 (3d Cir.1972). Plaintiffs acknowledge this general rule, but argue that the evidence should nevertheless have been admitted under the doctrine of curative admissibility. "The doctrine of curative admissibility allows a trial judge, in his discretion, to admit otherwise inadmissible evidence in order to rebut prejudicial evidence which has already been erroneously admitted." *United States v. Nardi*, 633 F.2d 972, 977 (1st Cir.1980). Plaintiffs argue that evidence concerning the police investigation of this fire was both prejudicial and improperly admitted.

We are not convinced that the evidence concerning the police investigation unduly prejudiced plaintiffs. The officers' testimony focused solely on the cause of the fire; neither discussed any subsequent criminal investigation. Plaintiffs did not object that these witnesses testified as police investigators. Additionally, the most pointed reference to the criminal investigation occurred as a result of plaintiffs' cross-examination.[1] Likewise, we conclude that any prejudice which might have resulted from Page's or Carmody's reference to a police investigation was cured by the court's prompt admonition to the jury. Finally, we note that Mrs. Goffstein did testify during direct examination that she had never been arrested, charged with, or convicted of a felony. We believe that this evidence minimized any prejudicial inference.

■ Plaintiffs also argue that they were prejudiced by the trial court's failure to instruct the jury regarding defense references to the police investigation, after the court had promised to give such an instruction. The record submitted by the appellants does not include the instructions to the jury. However, plaintiffs' counsel as-

---

**1.** Q  Mr. Huffmon, you are with the Bomb and Arson Squad, right?
A  That's correct.
Q  You get called out when an arson has occurred, is that right?
A  That's right.
Q  How do they know it's occurred if you are just getting called out?
A  The fire department makes that determination.
Q  So you didn't make a determination whether or not there was arson, did you?
A  I did after I got there.
Q  All right.

serted during oral argument that the court did not give the instruction. Such omission does not merit reversal because the plaintiffs have not established that they objected to the failure to give the instruction. *See* Fed.R.Civ.P. 51.

 Furthermore, we do not think the evidence regarding a police investigation was improperly admitted. In their complaint, plaintiffs alleged that defendant's refusal to pay their claims was "vexatious and without reasonable cause." Defendant was entitled to introduce evidence to refute this claim, including information from the police department that the fire had been intentionally set.

Because the prerequisites for curative admissibility have not been met in this case, we conclude that evidence of the decision not to prosecute Mrs. Goffstein was inadmissible on the issue of whether the fire had been intentionally set. While the evidence would have been admissible on the issue of defendant's vexatious denial of the claim, the court's failure to admit it constituted harmless error.[2]

### B. Other Issues.

The other points raised by the appellants merit only brief comment. The "weight of the evidence" argument received the attention of the district court in its ruling on the plaintiffs' motion for new trial. The district court denied that motion. We recently indicated that no error can be predicated on such a denial, at least in the absence of an abuse of discretion. *Chohlis v. Cessna Aircraft Co.,* 760 F.2d 901, 906 (8th Cir.1985). Plaintiffs have not alleged that the district court's denial of their motion for a new trial was an abuse of discretion. Accordingly, we will not reverse on this basis.

---

**2.** It seems to us that the district court should have permitted plaintiffs to inquire whether Carmody knew, at the time he denied the claim, that Mrs. Goffstein would not be charged with arson. This question would have been proper if it were directed solely to the issue of defendant's good faith in refusing to pay the claim. It would have been relevant to Carmody's state of mind, and defendant had opened the door to it

The claim that Frederic Goffstein, as an innocent party and a co-insurer, should recover for a separate interest in the property that had been damaged in the fire, or for his interest in the property which he jointly held with his wife, has not been raised before or considered by the district court. We will not address that issue for the first time on appeal. Mr. Goffstein may seek to raise that new contention in the district court, if he chooses to do so.

### III. CONCLUSION.

On review of the record, and subject to whatever rights Mr. Goffstein may have to raise his separate claims in the district court, we affirm the judgment.

by inquiring about the police investigation. We will not reverse on this basis, however, because the error must be considered harmless in light of the jury's answer to Interrogatory No. 1 relating to the cause of the fire. The plaintiff's evidence that the arson case against Mrs. Goffstein was closed had little, if any, probative value on the cause of the fire.