Robert BAKER, Jr., Also Known as Robert Baker–El, Appellee,

v.

Paul K. DELO, Superintendent;  Unknown Reed, Captain;  and Unknown Youngman, Sergeant, Defendants,

and

Unknown Gaines, COI;  Unknown Armistead, COI;  Unknown Kimery, COI;  Unknown Hartley, COI;  and Unknown Holloway, COI, Appellants,

and

Jim Roney, Nurse, and Margaret Ellis, Nurse, Defendants.

No. 94–1474.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 16, 1994.

Decided Oct. 27, 1994.

John F. Brink, St. Louis, MO, argued, for appellants.

Margaret Hart–Mahon, St. Louis, MO, argued, for appellee.

Before HANSEN, Circuit Judge, HEANEY, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

In 1992, Robert Baker, an inmate in a state prison in Missouri, filed suit in federal court under 42 U.S.C. § 1983 alleging that various prison employees had subjected him to unconstitutional conditions of confinement and had used excessive force on him. Specifically, Mr. Baker alleged that prison employees swept garbage into his cell, that he slipped and fell as a result, and that, after a visit to the medical unit, prison employees further injured him by dragging him back to his cell. Twelve prison employees were eventually named as defendants. Of those, six were later dismissed, five apparently by agreement of the parties and one by the trial court's grant of judgment as a matter of law.

After a three-day trial in 1993, a jury found one of the remaining six defendants not liable at all, one defendant liable on the unconstitutional conditions claim, and five defendants (including the one liable on the unconstitutional conditions claim) liable on the excessive force claim. The jury awarded one dollar in compensatory damages to Mr. Baker from each defendant for each claim on which liability was found; the jury also awarded $100 in punitive damages from each of the defendants liable on the excessive force claim.

The five defendants who were found liable now appeal. They argue that they were entitled to summary judgment on the ground of qualified immunity; that the evidence was insufficient on both the unconstitutional conditions claim and the excessive force claim and, therefore, that they were entitled to a judgment as a matter of law, a judgment notwithstanding the verdict, or at least a new trial on each of those claims; and that the trial court committed plain error in its instruction on excessive force. We affirm the trial court with respect to the allegedly deficient jury instruction and the excessive force claim. We reverse with respect to the un-

constitutional conditions claim, and we direct the trial court to enter a judgment for the defendant on that claim.

### I.

▮ We consider first the challenged jury instruction. The trial court instructed the jury that "obduracy and wantonness, not inadvertence or error in good faith ... characterize the conduct prohibited by the cruel and unusual punishments clause.... The use of excessive force by prison officials against an inmate constitutes cruel and unusual punishment. In determining whether the force, if any, was excessive, and constituted unnecessary and wanton infliction of pain, you must consider such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of the injury inflicted, and whether the force was applied in a good faith effort to achieve a legitimate purpose, or maliciously for the very purpose of causing harm.... Your verdict must be for the plaintiff and against [a particular defendant on the excessive force claim] if all of the following elements have been proved by a preponderance of the evidence: First, [the] defendant dragged the plaintiff back to his cell from the medical unit, and second, the defendant's action constituted the unnecessary and wanton infliction of pain, and third, the defendant's conduct was the proximate cause of injury and consequent damage to the plaintiff." Neither side objected to the instruction.

On appeal, however, the defendants argue that because the trial court did not include a requirement that the force have been applied " 'maliciously or sadistically,' " *Whitley v. Albers*, 475 U.S. 312, 321, 106 S.Ct. 1078, 1085, 89 L.Ed.2d 251 (1986), quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.1973), *cert. denied*, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973), *see also Hudson v. McMillian*, — U.S. —, —, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992), the instruction was fatally deficient and therefore plain error. *See, e.g., Cummings v. Malone*, 995 F.2d 817, 821–22 (8th Cir.1993) (court reversed judgment on excessive force; jury instruction's inclusion of language with re-

spect to maliciousness in factors to consider on the question of excessive force was not sufficient to describe the standard required for liability).

In response, Mr. Baker argues that the judgment in *Cummings* was reversed not because of plain error but rather because the trial court incorrectly rejected the defendants' offer of an instruction that did include the language "maliciously and sadistically," *see id.* at 821–22. Mr. Baker further asserts that, in any event, "even though [an] instruction ... misstate[s] the legal standard, [the] error does not reach the level required for reversal under the rigorous plain error standard of review [where the] error was invited by the parties, and it did not seriously affect the fairness of the trial, its integrity, or its public reputation ... [and did not] contribute[ ] to a miscarriage of justice." *Turner v. White*, 980 F.2d 1180, 1182 (8th Cir.1992). Mr. Baker notes that the defendants themselves offered an instruction practically identical to the instruction actually used and that the instruction actually used was the Eighth Circuit model instruction for excessive force at the time (*Cummings* was decided subsequent to Mr. Baker's trial). We agree with Mr. Baker that in this case, there was no plain error in the trial court's submission of the jury instruction on excessive force.

### II.

▮ We have read very carefully the transcript of the trial. In our view, the evidence was sufficient to sustain the jury's verdict on the excessive force claim.

### III.

▮ The essence of the unconstitutional conditions claim was that one guard, Richard Gaines, deliberately let water from a mop run into Mr. Baker's cell and that a second guard, David Armistead, at the instigation of his supervisor, Larry Youngman, deliberately swept trash, about an ounce of spilled milk, and additional water into Mr. Baker's cell, despite Mr. Baker's request to desist and his explicitly voiced fear that he would slip and fall. According to Mr. Baker's testimony, the water filled "half [his] cell to [his] bed

area and also the trash filled halfway to [his] bed area." When he got up from his bed, Mr. Baker testified, he "lost [his] balance and slipped and fell onto [his] back." Two other prisoners gave similar accounts of the events.

On cross-examination, Mr. Baker acknowledged that he stood during two different periods of time at the door to his cell without slipping and falling, once after Mr. Gaines allegedly let the water run into the cell and once after Mr. Armistead allegedly swept the accumulated garbage into the cell. Mr. Baker also conceded that the accumulated garbage remained in his cell for at least an hour before he fell. Mr. Baker rested his case after the other two prisoners testified.

The jury found for Mr. Baker on the unconstitutional conditions claim with respect only to Mr. Armistead. We need not, therefore, consider whether the evidence against Mr. Gaines and Mr. Youngman required a judgment as a matter of law at the conclusion of the proof offered by Mr. Baker. *See* Fed.R.Civ.P. 50(a)(1). We do, however, address that question with respect to Mr. Armistead.

■ In cases alleging unconstitutional conditions of confinement under the eighth amendment, a prisoner must prove, first, that the conditions challenged were, "objectively, 'sufficiently serious,'" *Farmer v. Brennan*, —— U.S. ——, ——, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994), quoting *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991), that is, that they amounted to "the denial of 'the minimal civilized measure of life's necessities,'" *Farmer*, —— U.S. at ——, 114 S.Ct. at 1977, quoting *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). "For a claim based on a failure to prevent harm, the inmate must show that . . . [the] conditions pos[ed] a substantial risk of serious harm." *Farmer*, —— U.S. at ——, 114 S.Ct. at 1977. The prisoner must also prove that the prison official whose actions are challenged had "a 'sufficiently culpable state of mind,'" *id.*, quoting *Wilson*, 501 U.S. at 297, 111 S.Ct. at 2323, that is, that the prison official "acted or failed to act despite his [actual] knowledge of a substantial risk of serious harm," *Farmer*, —— U.S. at ——, 114

S.Ct. at 1981, *see also id.* at ——, 114 S.Ct. at 1984.

Even giving Mr. Baker the benefit of all reasonable inferences, we do not believe that he presented sufficient evidence of a *substantial* risk of serious harm to him from the alleged accumulation of garbage in his cell. He made no showing of the volume or depth of water he alleged ran into the cell, and he conceded that the milk was only approximately an ounce. Nor did he show, in our view, that even if Mr. Armistead knew of the accumulated garbage, Mr. Armistead comprehended that the conditions in Mr. Baker's cell created a *substantial* risk of serious harm. *See, e.g., id.* at ——, 114 S.Ct. at 1979. In short, while Mr. Armistead's actions may have been unkind and even careless, we do not believe that they reflected the deliberate indifference, or knowing recklessness, *see id.* at ——, 114 S.Ct. at 1978, required to impose liability under the eighth amendment. *See, e.g., id.* at ——, 114 S.Ct. at 1974.

### IV.

For the reasons stated, we affirm the judgments against the defendants charged with excessive force. We vacate the judgment against Mr. Armistead with respect to the claim of unconstitutional conditions of confinement, and we direct the trial court to enter a judgment for Mr. Armistead on that claim.