David A. KOSTELEC, Appellee,

v.

STATE FARM FIRE AND CASUALTY COMPANY, Appellant.

No. 94–3541.

United States Court of Appeals, Eighth Circuit.

Submitted April 14, 1995.

Decided September 5, 1995.

Bradley Scott Russell, Overland Park, KS, James L. Sanders and Tina A. Smith, Kansas City, MO, argued for appellant.

Michael L. Hodges, Mission, KS, argued for appellee.

Before WOLLMAN and MURPHY, Circuit Judges, and EISELE,* Senior District Judge.

EISELE, Senior District Judge.

This is an appeal from a final judgment entered in this diversity action,[1] the subject of which is an insurance coverage dispute. We have jurisdiction pursuant to 28 U.S.C.A. § 1291 (West 1993). Following a jury trial, the district court entered judgment on the jury's verdict and awarded David A. Kostelec damages of $90,199.39, an amount which reflected the damages stipulated to by the parties, less the policy's $250 deductible and a

---

* The Honorable G. Thomas Eisele, Senior United States District Judge for the Eastern District of Arkansas sitting by designation.

1. Plaintiff David A. Kostelec is a citizen of Kansas. Defendant State Farm Fire and Casualty Company is an Illinois Corporation, having its principal place of business in Illinois.

$1000 advance paid to Mr. Kostelec by State Farm Fire and Casualty Company (State Farm). The district court further awarded Mr. Kostelec $40,380.00 in attorneys' fees and $9,169.94 as a penalty under Mo.Ann. Stat. § 375.420 (Vernon 1991), in accordance with the jury's finding that State Farm's failure to pay Mr. Kostelec's claim had been made without reasonable cause or excuse. We affirm.

## I.

In 1990, Mr. Kostelec purchased a home in Gravois, Missouri, which was insured under a general homeowners' liability policy underwritten by State Farm. This policy insured Mr. Kostelec's property for all "accidental direct physical loss to the property," subject only to those losses expressly excluded under the policy. Among the risks covered by this policy were any losses to the property caused by "fire." However, the policy specifically disclaimed coverage for any loss caused by the insured "for the purpose of obtaining insurance benefits," an exclusion which, presumably, includes the insured's commission of arson.

On April 10, 1992, Mr. Kostelec's property was destroyed by fire. Mr. Kostelec filed a timely notice of claim with State Farm, and State Farm soon began an investigation into this claim. During an interview with Mr. Brent Moyer, a State Farm representative, Mr. Kostelec stated that he had left his house at approximately 3:30 p.m. on the day of the fire, and that he had made some long distance telephone calls before leaving. Telephone records indicated that someone (presumably Mr. Kostelec) had made a telephone call from the house at 4:10 p.m., and Mr. Kostelec never denied being in the house at that time. A neighbor, Mrs. Kathryn Couch, stated that she saw Mr. Kostelec and a friend leave the house at approximately 4:30 p.m., and her husband reported the fire at 4:39 p.m., stating that he saw smoke emanating from the rear of the house. This was the location of the property's propane hot water heater, which Mr. Kostelec claimed was the source of the fire.[2]

■ As it had done on other occasions, State Farm retained an "independent" investigator, Mr. Larry Stemmerman, to examine the site of the fire, and Mr. Stemmerman concluded that the fire had been intentionally set. This finding was based exclusively upon Mr. Stemmerman's determination that some allegedly suspicious burn marks on the building's floor had been made by an unspecified accelerant. He reached this conclusion in spite of the fact that laboratory tests found no evidence of any accelerant on the samples he submitted for testing. Later in its investigation, State Farm discovered that Mr. Kostelec was apparently suffering some financial difficulties.[3] Given its expert's finding of arson, Mr. Kostelec's having apparently been the last person seen near the property, Mr. Kostelec's alleged "misrepresentation" of his time of departure from the property, and Mr. Kostelec apparent motive for arson (his distressed financial condition),[4]

---

2. At trial, Mr. Kostelec explained that this heater had been lit the day of the fire, and that he had noticed the smell of propane emanating from the heater. Mr. Kostelec attributed this gaseous aroma to a defect in the heater's pilot light. During its investigation, State Farm did not examine the hot water heater as a possible source of the fire.

3. The record indicates that Mr. Kostelec's outstanding debts totaled approximately $400,000, though it appears that the extent of this indebtedness was not discovered until after this litigation had commenced.

4. Under federal evidentiary principles (which control in this diversity action, *Warner v. Transamerica Ins. Co.*, 739 F.2d 1347, 1351 n. 6 (8th Cir.1984)), evidence of financial distress may be used to establish a motive for arson, provided, of course, that the property is insured. *See Vitale v.*

*Aetna Casualty & Surety Co.*, 814 F.2d 1242, 1245 (8th Cir.1987); *McIntosh v. Eagle Fire Co. of New York*, 325 F.2d 99, 100 (8th Cir.1963); accord *Halford v. American Preferred Ins. Co.*, 698 S.W.2d 40, 43 (Mo.Ct.App.1985). However, while Mr. Kostelec may have been in debt, there is no evidence to suggest that his property was over-insured, *i.e.*, that the value of the policy exceed the replacement cost of the property. This fact (or rather, lack of facts) severely undercuts any pecuniary-based motive for arson on the part of the insured. *Cf.* 19 George J. Couch, Ronald A. Anderson & Mark S. Rhodes, *Couch Cyclopedia of Insurance Law* § 79:575 at 544 (2d ed. rev. ed. 1983) ("[I]f the value of the insured property was much less than the amount of the insurance thereon, it would furnish a motive [for arson].").

State Farm refused to pay Mr. Kostelec's claim. Written notice of this determination was given on July 28, 1992.

Soon after its denial of Mr. Kostelec's claim, on August 6, 1992, State Farm received the report of the Missouri State Fire Marshal, who had also investigated the fire at Mr. Kostelec's property. The Fire Marshal's report indicated that no accelerant or suspicious burn marks had been found at the site of the fire, and that no ignition device had been discovered. The report also found evidence suggesting a defect in the electrical system of the house. In sum, the Fire Marshal's report concluded that there was no evidence of arson, and that the fire had most likely been accidental. State Farm nevertheless persisted in its denial of Mr. Kostelec's claim.

On December 2, 1992, Mr. Kostelec commenced a breach of contract action in the District Court of Wyandotte County, Kansas, seeking to recover benefits under the policy that he claimed were wrongfully withheld by State Farm. On January 4, 1993, this action was removed to the United States District Court for the District of Kansas, at which time State Farm filed its answer raising its defense of arson. On May 3, 1993, upon State Farm's motion, this action was transferred to the United States District Court for the Western District of Missouri pursuant to 28 U.S.C.A. § 1404(a) (West 1993). Following the trial of this matter, the jury rejected State Farm's arson defense and concluded that Mr. Kostelec had suffered a compensable loss. The jury further found that State Farm's persistent denial of Mr. Kostelec's claim was made without reasonable cause or excuse. Judgment was accordingly entered in favor of Mr. Kostelec, and the district court later granted Mr. Kostelec's motion for attorneys' fees and statutory penalties.

### II.

■ Ordinarily, in a diversity action such as this, the first step in our legal analysis would be to determine the governing body of substantive of law. Here the two possibilities were Kansas law (the place were the insurance policy was issued) or Missouri law (the situs of the insured property). The district court chose, without discussion, to apply Missouri law to this dispute, and neither party has voiced any objection to the district court's decision in this respect, either in this court or in the court below. Indeed, in both courts the parties have argued their respective cases under the laws of Missouri. Accordingly, we deem any objection to the district court's choice of law to have been waived, and we too will decide this appeal under Missouri law without independently examining the conflict-of-laws issue. *See Pellerin Laundry Mach. Sales Co. v. Reed,* 300 F.2d 305, 309–10 (8th Cir.1962); *accord Employers Ins. of Wausau v. Occidental Petroleum Corp.,* 978 F.2d 1422, 1430 n. 8 (5th Cir.1992), *cert. denied,* —— U.S. ——, 114 S.Ct. 61, 126 L.Ed.2d 30 (1993); *Corrugated Paper Prods., Inc. v. Longview Fibre Co.,* 868 F.2d 908, 910 n. 2 (7th Cir.1989); *Kritikos v. Palmer Johnson, Inc.,* 821 F.2d 418, 421 (7th Cir.1987); *but cf. Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.,* 689 F.2d 982, 989–90 (11th Cir.1982) (appellate court may consider conflict-of-laws issue raised for the first time on appeal to prevent a miscarriage of justice).

### III.

■ State Farm first argues that the district court erred in instructing the jury on the issue whether Mr. Kostelec had suffered a loss covered by the policy. State Farm argues that the district court's instructions erroneously required State Farm to prove that the fire was caused by arson to justify its disclaiming coverage, rather than requiring Mr. Kostelec to disprove that the fire was caused by arson, and hence that he suffered an accidental loss that fell within the policy's coverage. The district court instructed the jury as follows:

> In these instructions you are told that your verdict depends on whether or not you believe certain propositions of fact submitted to you. The burden of causing you to believe a proposition of fact is upon the party who relies upon that proposition. ... Your verdict must be for plaintiff unless you believe plaintiff is not entitled to recover by reason of [the following instruction.] ... Your verdict must be for

defendant if you believe, first, that the property in question was damaged by fire. And, second, that plaintiff intentionally caused or set the fire.[5]

Since State Farm specifically objected to this portion of the district court's instructions below,[6] this claim of error is properly before us. *See* Fed.R.Civ.P. 51; *Randle v. Parker,* 48 F.3d 301, 304 n. 1 (8th Cir.1995). In passing upon this point, we must determine whether the district court's instructions, when taken as a whole, accurately stated the governing law on this issue, *Randle v. Parker, supra,* 48 F.3d at 304; *Smith v. World Ins. Co.,* 38 F.3d 1456, 1464 (8th Cir.1994); *Brown v. Stites Concrete, Inc.,* 994 F.2d 553, 559 (8th Cir.1993) (en banc), keeping in mind that "the district court has broad discretion in formulating the language of the jury instructions." *Federal Enter., Inc. v. Greyhound Leasing & Fin. Corp.,* 849 F.2d 1059, 1061 (8th Cir.1988). Of course, we review the district court's interpretation of state law *de novo. Salve Regina College v. Russell,* 499 U.S. 225, 231–33, 111 S.Ct. 1217, 1220–22, 113 L.Ed.2d 190 (1991); *Schieffler v. Financial Servs. Ins. Co. of Tenn.,* 39 F.3d 181, 184 (8th Cir.1994).

▮ In order to recover for a loss under a policy of insurance under Missouri law, the insured must prove that the policy was in full force and effect,[7] and that the claimed loss falls within the policy's scope of coverage. *Truck Ins. Exch. v. Heman,* 800 S.W.2d 2, 3–4 (Mo.Ct.App.1990); *see also National Union Fire Ins. Co. of Pittsburgh, Pa. v. Structural Sys. Tech., Inc.,* 964 F.2d 759, 761 (8th Cir.1992) (applying Missouri law). The burden then shifts to the insurer to prove any exclusion of coverage. *American Family Mut. Ins. Co. v. Pacchetti,* 808 S.W.2d 369, 370 (Mo.1991); *Aetna Casualty & Surety Co.*

*v. Bollig,* 878 S.W.2d 837, 839 (Mo.Ct.App. 1994); *see also National Union Fire Ins. Co. of Pittsburgh, Pa. v. Structural Sys. Tech., Inc., supra,* 964 F.2d at 761. State Farm argues that because the policy covered only "accidental losses," Mr. Kostelec was required to prove that his loss was accidental, *i.e.,* that the fire was not intentionally set. In essence, State Farm argues that once it disclaimed coverage, the burden fell upon Mr. Kostelec to disprove its allegations of arson. While this argument is creative, it is based upon a fundamental misunderstanding of the applicable law. Under Missouri law, it is well-settled that the burden falls upon an insurer to prove, by a preponderance of the evidence, its allegations of arson when raised as a defense to coverage. *McCreery v. Continental Ins. Co.,* 788 S.W.2d 307, 310 (Mo. Ct.App.1990); *Bennco Sales & Salvage, Inc. v. Gulf Ins. Co.,* 759 S.W.2d 336, 337 (Mo.Ct. App.1988); *Sadler v. Home Savings of Am.,* 733 S.W.2d 856, 857 (Mo.Ct.App.1987); *Francka v. Fire Ins. Exch.,* 668 S.W.2d 189, 190 (Mo.Ct.App.1984); *see Bateman v. State Farm Fire & Casualty Co.,* 814 S.W.2d 684, 685–86 (Mo.Ct.App.1991); *see also McIntosh v. Eagle Fire Co. of New York, supra,* 325 F.2d at 100 (applying Missouri law). An implicit premise in these decisions is that an insured need only prove that his property was destroyed or damaged by fire to state a *prima facie* case for coverage. In other words, "[b]y establishing a loss from fire . . ., the insured ma[kes] a *prima facie* case within coverage of th[e] policy," 21B John Alan Appleman & Jean Appleman, *Insurance Law and Practice* § 12681 at 87 (1980), and the insured is not required to disprove any claim of arson to establish that he suffered a compensable loss. *Cf. id.* § 12682; 18 George J. Couch, Ronald A. Anderson & Mark S. Rhodes, *Couch Cyclopedia of Insurance Law*

---

**5.** While we agree that this instruction ultimately worked to place the burden upon State Farm to prove its claim of arson to avoid liability, we note that the instruction is not a model of clarity in this regard. Of course, this lack of clarity is not itself a basis for reversal. *See National Automotive Trading Corp. of China v. Pioneer Trading Co.,* 46 F.3d 842, 844 (8th Cir.1995).

**6.** In addition to its specific objection on the "arson burden of proof" issue, State Farm also lodged a general objection to "all of the instruc-

tions." However, as will be discussed in Part IV *infra,* such an unspecific objection is insufficient to preserve an issue for appeal.

**7.** It is undisputed that State Farm issued the relevant policy, that Mr. Kostelec had paid all the necessary premiums and that Mr. Kostelec filed a timely claim for benefits. Indeed, the district court found "as a matter of law . . . that the policy[ ] [was] in full force on the date of the loss," and neither party has questioned that conclusion.

§§ 74:667 to 74:668 (2d ed. rev. ed. 1983). This implicit premise is, however, made explicit under the terms of the policy presently at issue, as it specifically includes "fire" as an example of an accidental loss covered by the policy. Accordingly, we conclude that Mr. Kostelec needed only to prove a loss caused by fire to state a *prima facie* claim for coverage. He plainly did so. Accordingly, since the burden then fell upon State Farm to prove that this fire resulted from arson to avoid liability, we find no error in the district court's instruction on this point. *Accord Bennco Sales & Salvage, Inc. v. Gulf Ins. Co., supra,* 759 S.W.2d at 338 (approving similar instruction).

## IV.

State Farm next argues that the district court erred in not providing the jury with a legal instruction on plaintiff's cause of action for vexatious non-payment of an insurance claim. This cause of action was premised on Mo.Rev.Stat. § 375.420 (Vernon 1991), which provides:

> [I]f it appears from the evidence that [an insurance] company has refused to pay [a claim of] loss without reasonable cause or excuse, the court or jury may, in addition to the amount thereof and interest, allow the plaintiff damages not to exceed twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of the loss in excess of fifteen hundred dollars and a reasonable attorney's fee; and the court shall enter judgment for the aggregate sum found in the verdict.

Missouri does not have a model instruction for a claim of vexatious non-payment under § 375.420. Thus, instead of submitting a formal instruction on this claim, the district court simply asked the jury to answer the following special interrogatory, which was contained in the jury's verdict sheet:

> If your finding is for Plaintiff, then you must answer the following interrogatory:
>
> Was Defendant's denial of this claim without reasonable cause or excuse.

The jury answered this special interrogatory in the affirmative, and an appropriate judgment on this claim was accordingly entered in favor of Mr. Kostelec.

■ At the outset, we note that State Farm did not specifically object to the district court's treatment of this issue below. Nor did State Farm proffer a proposed jury instruction for plaintiff's vexatious non-payment claim, which fact alone could be deemed a waiver of any objection on this point. *Cf. Safeco Ins. Co. of Am. v. Costello,* 799 F.2d 412, 414–15 (8th Cir.1986). Rather, State Farm lodged only a general objection "to all of the instructions and the verdict form on the basis of the Motion for Judgment as a Matter of Law at the Close of all the Case," which motion simply asserted that "plaintiff's evidence ha[d] affirmatively established that defendant's refusal to pay plaintiff was with reasonable cause or excuse." We conclude that State Farm's generic omnibus objection, standing alone, was insufficient to preserve its right to assign error on appeal to any portion of the district court's jury instructions.

■ Our conclusion is based upon the plain and unambiguous language of Rule 51 of the Federal Rules of Civil Procedure, which provides:

> No party may assign as error the giving or failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, *stating distinctly the matter objected to and the grounds for the objection.*

(Emphasis added). This rule operates "to bring into focus the precise nature of the alleged error," and thereby requires the objecting party to "specifically call[ ] the attention of the trial court to the error." *Palmer v. Hoffman,* 318 U.S. 109, 119, 63 S.Ct. 477, 483, 87 L.Ed. 645 (1943). Further, the Supreme Court has made clear that "where a part of the charge is correct," a "general objection" will be insufficient to preserve any alleged error for appellate review. *Id.* Clearly, State Farm's general objection failed to satisfy Rule 51's requirement that all objections "distinctly" identify both the objectionable portion of the instruction and the basis for the objection. *See id.; Krementz v. Raby,* 959 F.2d 695, 697 (8th Cir.1992); *Robertson Oil Co. v. Phillips Petroleum Co.,* 930

F.2d 1342, 1347 (8th Cir.1991); *Tinnon v. Burlington N. R.R. Co.*, 898 F.2d 1340, 1343 (8th Cir.), *cert. denied*, 498 U.S. 899, 111 S.Ct. 255, 112 L.Ed.2d 213 (1990); *Crimm v. Missouri Pac. R.R. Co.*, 750 F.2d 703, 712 (8th Cir.1984); *see also* 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2554 at 420 (2d. ed. 1995) ("[A] general objection stating no grounds is insufficient under Rule 51."). Accordingly, the adequacy of the district court's treatment of plaintiff's vexatious non-payment claim is reviewable only for plain error. *Norton v. Caremark, Inc.*, 20 F.3d 330, 336 (8th Cir. 1994); *see Baker v. Delo*, 38 F.3d 1024, 1026 (8th Cir.1994). "Under plain error review, an error not identified by a contemporaneous [and adequate] objection is grounds for reversal only if the error prejudices the substantial rights of a party and would result in a miscarriage of justice if left uncorrected." *Rush v. Smith*, 56 F.3d 918, 922 (8th Cir. 1995) (en banc).

 We are satisfied that the district court's use of a single special interrogatory to resolve plaintiff's vexatious non-payment claim was a permissible exercise of discretion, and consequently did not result in plain error. Under Missouri law, where a claim for relief is not the subject of a model instruction, the trial court is ordinarily under a duty to fashion a reasonably lucid charge that instructs the jury on every element of the substantive law necessary to sustain the cause of action. *See DeWitt v. American Family Mut. Ins. Co.*, 667 S.W.2d 700, 711 (Mo.1984); *Vogel v. A.G. Edwards & Sons, Inc.*, 801 S.W.2d 746, 750 (Mo.Ct.App.1990). Moreover, it is clear that a verdict form which simply asks the jury to state a legal finding (*e.g.*, did the defendant breach its contract) will not serve as an adequate substitute for a proper instruction. *See Davis v. Stewart Title Guaranty Co.*, 726 S.W.2d 839, 857 (Mo.Ct.App.1987). In the present case, however, the special interrogatory employed by the district court did not ask the jury to decide whether State Farm's non-payment was vexatious (a legal conclusion), but simply asked the jury to make a specific finding of fact, namely, whether State Farm's refusal to pay Mr. Kostelec's claim was made without reasonable cause or excuse. It was plainly

within the district court's discretion to have the jury make this factual finding by use of a special interrogatory. *See Frensley v. National Fire Ins. Co. of Hartford*, 856 F.2d 1199, 1203–04 (8th Cir.1988); *see also* Fed. R.Civ.P. 49(b). The fact that this finding would ultimately dispose of plaintiff's vexatious non-payment claim is irrelevant, since this circumstance did not transform the interrogatory into one asking the jury to render a conclusion of law. *See Frensley v. National Fire Ins. Co. of Hartford*, *supra*, 856 F.2d at 1203–04. Moreover, no error resulted from the district court's failure to define the phrase "reasonable cause or excuse," as Missouri law does not require any such definitional instruction in the context of a claim under § 375.420. *See Crewse v. Shelter Mut. Ins. Co.*, 706 S.W.2d 35, 40 (Mo.Ct. App.1985) (approving an instruction that simply tracked the language of § 375.420 without embellishment). Since the term "reasonable cause or excuse" can be readily understood by laypersons, the decision whether to define that term for the jury in the context of a vexatious non-payment claim is committed to the sound discretion of the trial court, *DeWitt v. American Family Mut. Ins. Co.*, *supra*, 667 S.W.2d at 711, and we find no abuse of that discretion in the present case.

 Finally, we note that the jury's finding that State Farm's failure to pay Mr. Kostelec's claim was made without reasonable cause or excuse was clearly permissible under the evidence presented. To prevail on a claim of vexatious non-payment, an insured must prove "'that the insurer's refusal to pay the loss was willful and without reasonable cause, as the facts would appear to a reasonable person.'" *Storhaug v. State Farm Fire & Casualty Co.*, 747 F.2d 443, 444 (8th Cir.1984) (quoting *DeWitt v. American Family Mut. Ins. Co.*, *supra*, 667 S.W.2d at 710). While there was arguably sufficient circumstantial evidence to support State Farm's contention that its refusal to pay this claim was initially reasonable, *see Mears v. Columbia Mut. Ins. Co.*, 855 S.W.2d 389, 392 (Mo.Ct.App.1993); *Francka v. Fire Ins. Exch.*, *supra*, 668 S.W.2d at 190, there was also strong evidence, namely the Fire Marshal's report, tending to suggest that State

Farm's continued refusal to pay was unreasonable, since that evidence placed State Farm on notice that its suspicions of arson were tenuous at best. *See Russell v. Farmers & Merchants Ins. Co.,* 834 S.W.2d 209, 221 (Mo.Ct.App.1992); *see also Tate v. Golden Rule Ins. Co.,* 859 S.W.2d 831, 834–35 (Mo.Ct.App.1993); *DeLisle v. Cape Mut. Ins. Co.,* 675 S.W.2d 97, 101–02 (Mo.Ct.App.1984). The jury resolved this factual issue in plaintiff's favor, and it was clearly within it province to do so. *See Russell v. Farmers & Merchants Ins. Co., supra,* 834 S.W.2d at 221. Thus, we cannot conclude that the district court's use of a special interrogatory to resolve Mr. Kostelec's vexatious non-payment claim, rather than a formal instruction, had the capacity to effect a miscarriage of justice.

### V.

■■■■ State Farm next argues that the district court erred in allowing Mr. Kostelec's counsel to comment, over objection, on State Farm's failure to call a witness, namely Mr. Couch, the person who actually reported the fire. During his closing argument, Mr. Kostelec's counsel remarked:

> I want to go back to the burden of proof. They've got to bring in the evidence to prove what happened. And who do they leave out? Who do they not bring in? They don't even bring in Mr. Couch, the guy who saw the fire coming out the back window. ... They've got the burden of proof. The lab reports are negative. They've got the burden of proof.

Although this is a diversity action, we conclude that questions concerning the permissible scope of the parties' closing arguments are procedural issues that are governed by federal law. *Sylla–Sawdon v. Uniroyal Goodrich Tire Co.,* 47 F.3d 277, 285 (8th

Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 84, —— L.Ed.2d —— (1995); *Griffin v. Hilke,* 804 F.2d 1052, 1057 (8th Cir.1986), *cert. denied,* 482 F.2d 914, 107 S.Ct. 3184, 96 L.Ed.2d 673 (1987); *Vanskike v. Union Pac. R.R. Co.,* 725 F.2d 1146, 1149 (8th Cir.1984); *Vanskike v. ACF Indus., Inc.,* 665 F.2d 188, 209 (8th Cir.1981), *cert. denied,* 455 U.S. 1000, 102 S.Ct. 1632, 71 L.Ed.2d 867 (1982); *Duncan v. St. Louis–San Francisco Ry. Co.,* 480 F.2d 79, 84 (8th Cir.), *cert. denied,* 414 U.S. 859, 94 S.Ct. 69, 38 L.Ed.2d 109 (1973); *Illinois Central R.R. Co. v. Staples,* 272 F.2d 829, 834 (8th Cir.1959); *contra Campbell ex rel. Campbell v. Coleman Co., Inc.,* 786 F.2d 892, 897 (8th Cir.1986) (holding that in a diversity action the scope of the parties' closing is governed by the law of the forum); *Johnson v. Richardson,* 701 F.2d 753, 757 (8th Cir.1983) (same).[8] In passing on this point, we must keep in mind that "[t]he district court is in a better position to determine whether prejudice has resulted from a closing argument, and [we] will not disturb the district court's ruling unless there has been an abuse of discretion." *Vanskike v. ACF Indus., Inc., supra,* 665 F.2d at 209; *see also Hofer v. Mack Trucks, Inc.,* 981 F.2d 377, 385 (8th Cir.1992). We perceive no abuse of discretion in the present case. When counsel's comments are taken in context, it is clear that he was simply commenting upon the lack of evidence presented by State Farm to support its claim of arson, an issue on which State Farm had the burden of proof. See Part III *supra.* Viewed as such, these comments fell well within the bounds of permissible argument, and we will not upset the district court's decision to allow them. *Sylla–Sawdon v. Uniroyal Goodrich Tire Co., supra,* 47 F.3d at 285.

■■■■ However, even if we were to assume that counsel's comments were made in an

---

8. In *Geimer v. Pastrovich,* 946 F.2d 1379, 1381–82 (8th Cir.1991), a panel of this Court declined to resolve the inconsistency between these competing lines of cases (though two other panels implicitly did so in *Sylla–Sawdon v. Uniroyal Goodrich Tire Co., supra,* and *Griffin v. Hilke, supra,* adopting our former line of decision without discussion of this conflict). We are likewise powerless to resolve this conflict in our decisions, as " '[o]ne panel of this Court is not at liberty to overrule an opinion filed by another panel. Only the Court en banc may take such a step.' " *Campbell v. Purkett,* 957 F.2d 535, 536 (8th Cir.1992). We are, however, free to chose which line of cases to follow, and we agree with Judge Gibson that "as a panel we may recognize that the three earlier decisions, *Illinois Central, Duncan,* and *Vanskike,* properly control, as they should have controlled in *Johnson* and *Campbell.*" *Geimer v. Pastrovich, supra,* 946 F.2d at 1383 (Gibson, J., concurring).

attempt to raise a negative inference in the minds of the jurors, *i.e.,* that Mr. Couch's testimony would have been unfavorable to State Farm, under the facts of this case these comments would nevertheless fall within the bounds of permissible advocacy. While we have commented that a negative inference may not be raised from a party's failure to produce a witness if the witness is equally available to both parties, in the sense that the witness is subject to compulsory process, *Iowa Cent. Ry. Co. v. Hampton Elect. Light & Power Co.,* 204 F. 961, 962 (8th Cir.1913), we have since softened our definition of equal availability. *See Tyler v. White,* 811 F.2d 1204, 1207 (8th Cir.1987). Thus, it has long been "settled that if a party fails to produce the testimony of an available witness on a material issue in the case, it may be inferred that his testimony, if presented, would be adverse to the party who fails to call the witness." *Illinois Central R.R. Co. v. Staples, supra,* 272 F.2d at 834 (internal quotation marks and citation omitted); *see also Geimer v. Pastrovich, supra,* 946 F.2d at 1383 (Gibson, J., concurring) (" 'Where there has been a failure to call available witnesses who may have knowledge of material facts, such failure may be properly referred to in argument of counsel.' ") (quoting *Illinois Central R.R. Co. v. Staples, supra,* 272 F.2d at 834); *cf. Tyler v. White, supra,* 811 F.2d at 1207. As any testimony offered by Mr. Couch would have been relevant solely on the question whether Mr. Kostelec committed arson (Mr. Couch's prior statements allegedly being supportive of this claim), it is clear that only State Farm had an interest in calling Mr. Couch as a witness. Accordingly, it was perfectly appropriate for plaintiff's counsel to comment on State Farm's failure to do so, since "there may be comment on the failure of a party to call [an] available witness[ ] whose testimony the party would naturally be expected to produce if favorable to him." *Thomure v. Truck Ins. Exch.,* 781 F.2d 141, 143 (8th Cir.1986).

**VI.**

State Farm next argues that plaintiff's counsel violated the district court's evidentiary ruling on a motion in limine, and that as a result prejudicial error occurred. Prior to trial, State Farm sought a ruling barring Mr. Kostelec from presenting any evidence that he was not charged with the crime of arson following the fire. Since the admission of such evidence in a civil case is generally improper, *Goffstein v. State Farm Fire & Casualty Co.,* 764 F.2d 522, 524 (8th Cir. 1985), the district court granted State Farm's motion. State Farm argues that plaintiff's counsel violated this ruling on three separate occasions. We disagree.

In so far as State Farm's argument is premised upon plaintiff's counsel's questioning of Mr. Kostelec, this claim of error has not been preserved for appellate review, as State Farm did not object to this questioning at trial. An " 'objection is required to preserve error when an opponent, or the court itself, [is claimed to have] violate[d] a motion in limine that was granted.' " *United States v. Roenigk,* 810 F.2d 809, 815 (8th Cir.1987) (quoting *Collins v. Wayne Corp.,* 621 F.2d 777, 785 (5th Cir.1980)). As no objection was made in connection with Mr. Kostelec's testimony, the admission of this testimony is reviewable only for plain error, *id.; see also* Fed.R.Evid. 103(d), and we are satisfied that no such error occurred. To the extent that State Farm's argument centers upon plaintiff's counsel's questioning of Mr. Kostelec's parents, Bernadette and Anthony Kostelec, we are satisfied that the district court's treatment of State Farm's various objections (he sustained each one) fell within the court's broad discretion in ruling upon evidentiary matters concerning prior rulings on a motion in limine. *See United States v. Roenigk, supra,* 810 F.2d at 815 (standard of review). This conclusion is further underscored when one considers that none of the testimony allegedly damaging to State Farm was ever admitted into evidence.[9]

---

9. We further note that while State Farm moved for a mistrial during Anthony Kostelec's testimony, it has not challenged the district court's denial of that request, and this issue is therefore not properly before us. *Meehan v. County of Los Angeles,* 856 F.2d 102, 105 n. 1 (9th Cir.1988); *see generally Lockley v. Deere & Co.,* 933 F.2d 1378, 1386 (8th Cir.1991) (issues not raised on appeal are deemed abandoned).

*Cf. United States v. Knox,* 950 F.2d 516, 520–21 (8th Cir.1991). Hence, it is clear that the conduct complained of by State Farm clearly did not have the capacity to effect a fundamental miscarriage of justice.

### VII.

State Farm finally argues that the cumulative effect of two of the district court's allegedly improper evidentiary rulings, as well as the district court's alleged bias against State Farm, warrant reversal. These arguments are clearly without merit and do not require extended discussion. *See* 8th Cir.R. 47B. We are satisfied that the evidentiary rulings complained of fall well within the trial court's broad discretion. *See Hoselton v. Metz Baking Co.,* 48 F.3d 1056, 1059 (8th Cir.1995) (standard of review); *Laubach v. Otis Elevator Co.,* 37 F.3d 427, 428–29 (8th Cir.1994) (same). State Farm's claim of judicial bias is reviewable only for plain error, since no objection to the trial judge's alleged partiality was made below. *Mitchell v. Kirk,* 20 F.3d 936, 937 (8th Cir. 1994). We have thoroughly examined the record and find absolutely no evidence to support State Farm's claim of judicial bias.

AFFIRMED.