_____

No. 96-1082
_____

Ronald Gidden,                        *
                                      *
         Plaintiff-Appellant,         *
                                      *   Appeal from the United States
    v.                                *   District Court for the
                                      *   Eastern District of Missouri.
State Farm Fire & Casualty            *
Company,                              *        [UNPUBLISHED]
                                      *
         Defendant-Appellee.          *

_____

                 Submitted:  September 11, 1996

                    Filed:  October 11, 1996
_____

Before MAGILL, FLOYD R. GIBSON, and LAY, Circuit Judges.

_____

PER CURIAM.


    Ron Gidden initiated this action to recover on his homeowners
insurance policy, issued by State Farm Fire & Casualty Company ("State
Farm"), when State Farm refused to compensate Gidden after a July 1993 fire
destroyed his home.  State Farm filed a counterclaim seeking a money
judgment against Gidden for the balance due on two promissory notes
assigned to State Farm.


    A jury returned a verdict in favor of State Farm both as to Gidden's
claims and State Farm's counterclaim.  The court[1] entered judgment in State
Farm's favor pursuant to the jury verdict and denied Gidden's subsequent
new trial motion.  Gidden appeals,

_____

    [1]The Honorable David D. Noce, United States Magistrate Judge
for the Eastern District of Missouri, tried the case by consent of
the parties under 28 U.S.C. § 636(c)(3).

challenging certain jury instructions and special interrogatories, and the court's allowance of the hearsay testimony of Michael Walton. We affirm.

**FACTS**

Before 1990, various fires occurred on the property of Ron Gidden, including a June 1989 arson fire that destroyed Gidden's house. After rebuilding, Gidden had applied for but was denied homeowners insurance by several companies. One insurance company noted the 1989 arson fire as the reason it rejected Gidden's insurance application. Gidden then applied to State Farm for insurance, but did not disclose the 1989 fire in his application. State Farm insured Gidden's home.

In 1991 or 1992 Gidden brought an insurance claim under the policy for storm damage to his home. State Farm paid the claim.

In February 1993, Ron Gidden's brother, Rick Gidden, along with Rick's family, moved into Ron's home. In July 1993, fire destroyed Ron's home once again. At the time of the 1993 fire, nine people were living in the house; including, among others, Ron and his brother Rick's family. Rick also kept his pet parrot in the house.

State Farm refused to cover the loss. Ron sued in state court and State Farm timely removed the action to federal district court. It claimed no duty to pay on the policy because (1) the fire was intentionally set by or at the direction of Ron, (2) an insured misrepresented or concealed material facts after the fire, and (3) Ron made material misrepresentations when he applied for the

policy.[2]

At trial, the jury heard undisputed evidence that the 1993 fire resulted from arson. The jury also learned of the prior fires on the property, including the June 1989 arson fire that destroyed Ron's house but which Ron had failed to disclose to State Farm. The jury heard evidence that Ron had received $108,500 on his insurance claim following the 1989 fire, rebuilt the new house for $61,000, and then claimed a $267,000 loss after the 1993 fire. State Farm also presented evidence that Ron acquired a second mortgage on the house seven months before the 1993 fire, and that Ron's monthly household income was $2400 at the time of the fire while his monthly expenses were over $3700. State Farm established that it would have rejected Ron's application had Ron properly reported the June 1989 arson fire.[3]

Evidence was also adduced that Rick and Ron had lived together several times as adults; that Rick helped Ron pay for the property; that Rick and his family had been living in the house for over a five-month period before the fire; that Rick and his wife were unemployed when they moved in; that Ron told the fire marshal that

---

[2]State Farm also filed a counterclaim seeking a judgment against Ron for the balance due on two promissory notes and deeds of trust assigned to State Farm by two of Ron's creditors.

[3]The evidence showed that all nine occupants were away from the house the night of the 1993 fire. Rick and his wife were camping the weekend of the fire, and had taken their pet parrot with them. Rick testified that the parrot would not eat if left in the house, but the jury learned that Rick had recently left the bird alone in the house over the three-day 4th of July weekend. Ron sent his two daughters to his former wife's house for the weekend. Packed in their suitcases were keepsakes, including photo albums and their mother's death certificate. The jury learned that Ron later asked his former wife not to disclose that she had seen these items in the suitcases. Evidence was also adduced that after the fire one of Ron's former wives entered a shed behind the house and found a box, previously kept in the house, containing titles, insurance papers, birth certificates and school papers.

Rick's daughter was a permanent resident; that Rick's name had been on the property previously; and that Rick repeatedly referred to the property as "theirs." Rick also claimed he owned the trailer behind the house and considered the occupants his tenants.

**INSTRUCTIONS**

Ron argues that Instruction No. 9 was not supported by the evidence and improperly defined "resident."[4] We note at the outset that while Ron objected to Instruction No. 9 as not supported by substantial evidence, he did not otherwise object to the substance of the instruction and did not provide an alternative. Trial Tr., vol. IV, at 6-8. Where a party does not distinctly object to an instruction pursuant to Rule 51 of the Federal Rules of Civil Procedure, we review only for plain error.[5] See Kostelec v. State Farm Fire & Casualty Co., 64 F.3d 1220, 1226-27 (8th Cir. 1995); Norton v. Carmark, Inc., 20 F.3d 330, 335-36 (8th Cir. 1994).

The facts presented at trial support a finding that Rick was

---

[4]Instruction No. 9 defines "resident of plaintiff's household" as

> one of the persons who live together as a family with the plaintiff in a closely knit group, whether or not related by blood, where the members of the group deal with each other informally and direct their attention and energies to achieving common goals and interests, and who intends to remain a member of plaintiff's household for an indefinite period of time . . . . A number of people can live together in one location and be members of separate households, and not of the same household, if their lives are substantially independent of one another or if their common abode is intended to be only a temporary arrangement.

[5]An error is "plain" where it is obvious or otherwise seriously affects the fairness, integrity or public reputation of the judicial proceedings, or where the error almost surely affected the outcome of the case. Champagne v. United States, 40 F.3d 946, 947 (8th Cir. 1994).

a "resident" of Ron's household as defined by the instruction.  The policy defines "insured" as a "resident" but does not define "resident."  The question of residence is a question of fact.  <u>Countryside Casualty Co. v. McCormick</u>, 722 S.W.2d 655, 658 (Mo. Ct. App. 1987).  Under Missouri law, the district court properly submitted the issue of Rick's residency to the jury.  <u>See</u> <u>id.</u> at 658-59 (finding child was "resident" of her father's home where she visited regularly, had her own wardrobe, personal belongings and bedroom, and where they dealt with each other informally).  We find the district court did not err in giving Instruction No. 9.

Ron also challenges Jury Instruction No. 10.  That instruction lists State Farm's affirmative defenses, including Ron's intentional concealment of material information upon applying to State Farm for insurance.  At trial, Ron objected to the instruction only on the basis that State Farm failed to present evidence to support it, and he offered no alternative instruction.  Trial Tr., vol. IV, at 8-10.  Ron now contends the instruction was erroneous because State Farm previously paid a loss to Ron for storm damage and because the policy did not incorporate the application.

Given Ron's failure to preserve the issue now raised on appeal and the absence of any outcome-determinative error or error seriously affecting the fairness of the trial, Ron's argument fails.  <u>See</u> <u>Champagne v. United States</u>, 40 F.3d 946, 947 (8th Cir. 1994) (plain error standard).

Ron also contests Instruction No. 11.  Instruction No. 11 advises that Ron cannot recover if State Farm proved that Ron, in applying to State Farm for insurance, intentionally concealed a coverable loss within three years prior to the application, without which concealment State Farm would not have issued the policy to Ron.  While Ron does not dispute that State Farm proved his application misrepresentation was false and material, he maintains

that the instruction is erroneous as it fails to contain every element of fraud. We reject this contention.

The policy here explicitly declares that State Farm "insure[s] [Ron Gidden] on the basis [his] statements are true." (emphasis added). The policy then expressly notes Ron's implicit representation: "that during the three years preceding the time of your application for this insurance . . . you and the members of your household have not had any insured losses, whether paid or not, that would have been covered under the terms of this or a similar policy." Because the policy is expressly conditioned on the truth of Ron's application representations, State Farm needed to prove only that Ron's representations were false and material. Continental Casualty Co. v. Maxwell, 799 S.W.2d 882, 887-88 (Mo. Ct. App. 1990). The court did not err for failure to include every element of fraud.

**INTERROGATORIES**

Ron argues that the jury's answer to Interrogatory 3, finding that neither Ron or Rick intentionally caused the fire, was inconsistent with its ultimate verdict in favor of State Farm. This argument lacks merit. Here, the jury's findings are wholly consistent. To determine which party would prevail required a finding as to each of State Farm's alternative affirmative defenses. Contrary to Ron's assertion, a finding that State Farm did not prove Ron or Rick caused the fire does not preclude a finding that Rick was an insured or that Rick and Ron provided false material information to State Farm after the fire.[6]

---

[6]Ron's reliance on Depalma v. Bates County Mutual Ins., No. 51293 (Mo. Ct. App. Mar. 19, 1996), as precluding denial of coverage to an innocent co-insured where another insured commits arson, is misplaced. The Depalma court considered whether an innocent spouse may recover for a loss to property owned by the couple as tenants by the entirety where the property is intentionally destroyed by the other spouse and where the property is insured jointly. Here, the jury's finding established that the actions of both Ron and Rick justified State Farm's denial of coverage. Depalma is inapposite.

-6-

**HEARSAY**

Rick was unavailable for trial.  The district court permitted hearsay evidence offered by Michael Walton, who formerly worked with Rick.  Walton testified that while he delivered a mobile home to Rick in 1987, Rick said to him, "I had a previous house that I made look like an electrical fire and . . . the insurance money I collected off that house is how I am able to buy this house."

The district court permitted the hearsay testimony of Michael Walton after determining the testimony constituted a statement against Rick's penal interest under Rule 804(b)(3) of the Federal Rules of Evidence.  Ron argues that the district court committed reversible error by admitting the hearsay testimony.

In <u>United States v. Riley</u>, 657 F.2d 1377 (8th Cir. 1981), we adopted a three-prong test a movant must satisfy to overcome a hearsay objection and admit testimony as against a penal interest: the movant must show that (1) the declarant is unavailable as a witness, (2) the statement must so far tend to subject the declarant to criminal liability that a reasonable person in the declarant's position would not have made the statement unless he or she believed it to be true, and (3) corroborating circumstances clearly indicate the trustworthiness of the statement.  <u>Id.</u> at 1382-83.

Here, Walton testified that Rick admitted he previously intentionally set a fire and disguised it as an accidental electrical fire to collect under an insurance policy.  State Farm points to no corroborating circumstance clearly indicating the

trustworthiness of Walton's statement.  Indeed, Walton is embroiled in a lawsuit against Rick in which Walton would benefit by a determination that Rick is an arsonist.  Instead of corroborating, the circumstantial context directly contradicts the trustworthiness of Walton's testimony, and State Farm points to no circumstance tending to support the statement.  State Farm fails to meet the third prong of the test.

However, notwithstanding that Walton's hearsay testimony tends to show Rick set the fire, the jury found State Farm did <u>not</u> prove Rick set the fire.  Nor did the jury find that Ron set the fire.  Rule 103(a) of the Federal Rules of Evidence provides, "Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected."  The challenged evidentiary ruling fails to undermine the jury's determination that Ron concealed material information when he applied for insurance.  It also is irrelevant to the jury's finding that Ron and Rick provided false information to State Farm after the fire.  Therefore, admission of the hearsay testimony, even if erroneous, did not affect a substantial right of Ron and provides no basis for reversal.

In conclusion, we affirm the district court's judgment as to the denial of Gidden's claim and the money judgment entered as to State Farm's counterclaim.

JUDGMENT AFFIRMED.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.