# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 02-3324

———————

Western Heritage
Insurance Company,

          Appellant,

    v.

Sunset Security, Inc.,

          Appellee.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the Western
\*  District of Missouri.
\*
\*  **[UNPUBLISHED]**
\*

———————

Submitted:  April 25, 2003
Filed:  May 6, 2003

———————

Before MORRIS SHEPPARD ARNOLD, BYE, and RILEY, Circuit Judges.

———————

PER CURIAM.

In February 2001 a security guard employed by Sunset Security, Inc. (Sunset) fatally shot Josef Gerle. His family (the Gerles) demanded payment from Sunset's insurer, Western Heritage Insurance Company (Western Heritage), but coverage was denied on the basis of an assault-and-battery exclusion in the policy. In August the Gerles brought a state wrongful-death suit against Sunset. The Gerles and Sunset negotiated an offer of judgment, and on December 14, 2001, the state court entered a judgment in favor of the Gerles and against Sunset for seven million dollars, subject to a contract limiting recovery to insurance policies and specified assets. Sunset

assigned its rights under the insurance policy to the Gerles. On December 19 the Gerles sued Western Heritage in state court for bad-faith failure to defend and settle, and for breach of fiduciary duty.

Meanwhile, on November 5, 2001, Western Heritage filed in federal court a diversity declaratory judgment action against Sunset, seeking a declaration that no coverage applied and that Western Heritage did not have a duty to defend Sunset. On Sunset's motion, the district court[1] declined jurisdiction over the action, concluding that the action involved only state-law issues, and that all the issues could be fully and satisfactorily adjudicated in the pending state bad-faith-practices proceeding. The court also noted that strong arguments supported dismissal of the action under Federal Rule of Civil Procedure 19(b).

On appeal, Western Heritage argues no parallel state action was pending when it instituted its federal action against Sunset in November 2001, because the Gerles' August lawsuit involved issues of wrongful-death liability rather than contractual coverage; the court placed undue weight on the Gerles' December bad-faith-practices lawsuit, which involved issues and parties different from those in the federal action; the state court was in no better position to adjudicate coverage; there was no evidence that Western Heritage was forum-shopping when it filed its declaratory judgment action; and allowing the federal action to proceed would not result in duplicative litigation. Western Heritage also argues the Gerles were not necessary parties at the time it instituted the declaratory judgment action because Sunset had not yet assigned them its rights, and thus dismissal would not have been proper under Rule 19(b).

We need not reach this latter issue, because we conclude the district court did not abuse its discretion in declining jurisdiction over Western Heritage's declaratory

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

-2-

judgment action: (1) jurisdiction over declaratory judgment actions is discretionary, see 28 U.S.C. § 2201(a); <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277, 286-87 (1995); (2) the action involved purely issues of state law, and the issues were arguably unsettled, see <u>Capitol Indem. Corp. v. Haverfield</u>, 218 F.3d 872, 875 (8th Cir. 2000); (3) a parallel action raising the coverage issue was pending in state court, <u>cf.</u> <u>Kostelec v. State Farm Fire & Cas. Co.</u>, 64 F.3d 1220, 1227 (8th Cir. 1995) (to prevail on claim of vexatious nonpayment, insured must prove that insurer's refusal to pay was willful and without reasonable cause, as facts would appear to reasonable person); and (4) both actions involved the same parties, even if the named parties were not identical. Further, we note we have previously concluded that abstention was required even when the declaratory judgment action was filed months before the state-court action. See <u>Haverfield</u>, 218 F.3d at 875.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.